2. MUNICIPAL CORPORATIONS, § 863*—*when service of process in suit for violation of ordinance waived.* In a suit to recover a penalty for violation of an ordinance, the defendant by entering his appearance in the case and participating in the trial of the merits of the charge waives the issuance and service of summons or other process upon him.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*statement of claim in suit to recover penalty for violation of ordinance.* In a suit in the Municipal Court to recover a penalty for violation of a city ordinance, the complaint, if one has been made, may stand as a statement of plaintiff's claim, and if it is not sufficiently definite the defendant may move for a rule on plaintiff to file a more specific statement, as in other cases of the fourth and fifth class under the Municipal Court Act.

4. MUNICIPAL CORPORATIONS, § 863*—*sufficiency of complaint charging violation of ordinance.* A complaint charging defendant with violating a city ordinance *held* to sufficiently describe the offense and the ordinance violated, where the ordinance was described by the number of the section of the Municipal Code, and the acts he was charged with doing were also specifically set forth.

---

## Fitz G. H. Kreamer, Plaintiff in Error, v. C. M. Hewitt, Defendant in Error.

### Gen. No. 19,088.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed October 7, 1914.

### Statement of the Case.

Action by Fitz G. H. Kreamer against C. M. Hewitt to recover for work and materials alleged to have been furnished to defendant upon his acceptance of a written offer to furnish the same. Plaintiff's statement of claim did not state whether his written proposal was accepted by an instrument in writing or by word of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

mouth, in person, or through an agent. Defendant in his affidavit of merits denied be made any contract with plaintiff as alleged, denied that the work and materials were furnished by him and denied he owed plaintiff the sum claimed. From a judgment in favor of defendant, plaintiff appeals.

FRED H. ATWOOD, FRANK B. PEASE, CHARLES O. LOUCKS, and VERNON R. LOUCKS, for plaintiff in error; GEARY V. STIBGEN, of counsel.

WALTER F. OLDS and SMIETANKA, JOHNSON, MOL-THROP & POLKEY, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

EVIDENCE, § 304*—*when letter properly excluded for want of proof of identification.* In an action to recover for work and materials alleged to have been furnished by plaintiff to defendant upon his acceptance of a written offer to furnish the same, a letter written by defendant to a third party offered in evidence to prove that he accepted the offer, *held* properly excluded for not being properly identified as defendant's letter, there being no proof offered that defendant wrote or authorized the writing of it or that he knew of its existence.

William Downs, Defendant in Error, v. Leopold Zeman and Isaac D. Zeman, Plaintiffs in Error.

Gen. No. 19,175.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed October 7, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.